IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ADAM KARTIGANER,<br><br>                 Plaintiff,<br><br>v.<br><br>JUAB COUNTY, HOBY METZ, MAY AUTOMOTIVE TOWING, and BARRY C. CONOVER,<br><br>                 Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:10-CV-842<br><br>Judge Clark Waddoups |

## **INTRODUCTION**

Before the court is the magistrate judge's report and recommendation on various motions. (Rep. Rec.)(Dkt. No 28). The court reviews the report and recommendation pursuant to 28 U.S.C. § 636(b)(1), which states that the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." The court adopts the magistrate judge's articulation of the standards of review and the factual background. (Rep. Rec., 1-4.) For the reasons stated herein, the magistrate judge's report and recommendation on the motions to quash for failure to timely serve are not adopted, and the motions denied. The magistrate judge's report and recommendation regarding May Automotive Towing, LLC's ("May") motion to dismiss is adopted, and the motion hereby granted.

1

## ANALYSIS

**I. Motions to Quash for Failure to Timely Serve**

Defendants Hoby Metz and Barry C. Conover (collectively "State Defendants") move the court to quash the summons and dismiss Plaintiff's corresponding causes of action for failure to timely serve. (State Defs. Mot. Dismiss)(Dkt. No. 12). Likewise, Defendant Juab County, Utah also moves to quash the summons and dismiss Plaintiff's corresponding causes of action for failure to timely serve. (Juab County Mot. Dismiss)(Dkt. No. 14.) The two motions are similarly based on the premise that Plaintiff did not comply with Fed. R. Civ. P. (4)(m) by failing to serve Defendants within 120 days of filing his complaint.

28 U.S.C. § 1915 governs the authorization and commencement of proceedings in *forma pauperis*, which status was granted to Plaintiff on August 27, 2010. *See* (Rep. Rec., 3) (Dkt. No. 28). This section permits "any court of the United States [to] authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security . . . ." § 1915(a)(1).[1] Continuing, § 1915(d) then states that "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." In that process served by Plaintiff was untimely is not determinative because it was not Plaintiff's responsibility to serve. Indeed, the language directs that the court "shall issue and serve process." *Id.* Plaintiff will not be prejudiced for the court's failure. *See Olsen v. Mapes*, 333 F.3d 1199, 1204-05 (10th Cir. 2003) (finding that a plaintiff proceeding in *forma pauperis* is entitled to rely on service by the U.S. Marshal, and is therefore not culpable for failure to serve where there is no evidence that the plaintiff failed to cooperate with the U.S. Marshals.). The

---

[1] The court notes the subsequent, confusing language that offers the payment exclusion to "a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." § 1915(a)(1). Despite the language implicating prisoners, the benefits of § 1915 are not limited to incarcerated parties, as noted by the preceding language. Thus, the benefit of process by the court should have been extended to Plaintiff in this case.

motions to quash the summons and dismiss are denied.  Lastly, because Defendants to this action have submitted to the jurisdiction of the court through their motions, the parties are deemed served.

**II. May's Motion to Dismiss**

Defendant May moves the court to dismiss those causes of action in which May is named.  (May Mot. Dismiss)(Dkt. No. 10).  May argues that his Third and Eighth Causes of Action are time barred by the statute of limitations, and that the Fourth Cause of Action fails for failing to plead with particularity the necessary elements of a claim for conspiracy to violate Plaintiff's civil rights.  (May Mot. Dismiss) (Dkt. No. 10).  The court adopts the magistrate judge's report and recommendation and dismisses the causes of actions against May.

  A. <u>The Third and Eighth Causes of Action</u>

Plaintiff brings his Third Cause of Action against Defendant May, alleging that "his vehicle was illegally and unconstitutionally seized and illegally retained by defendants . . . ." (Am. Compl., 5.)  Plaintiff also brings his Eighth Cause of Action for willful and intentional destruction of property.  *Id*., 6.  The magistrate judge correctly notes that state law claims asserted in federal court are governed by the applicable state statutes of limitations.  *See* (Rep. Rec., 11), (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 753 (1980)).  As such, the magistrate judge recommends that this court dismiss the claim because the three year statute of limitations for property claims has passed, as articulated in Utah Code Ann. § 78B-2-305(2). (Rep. Rec., 12.)

In his objection, Plaintiff argues that the magistrate judge erred because a "four year personal injury 'catch all' tort statute of limitations [Utah Code Ann. § 78B-2-307(3)] is the operate statute regarding federal civil rights claims filed in federal district court."  (Pl.'s

Objection, 6)(Dkt. No. 29). This is incorrect. § 78B-2-307(3) provides a statute of limitations of four years for "relief not otherwise provided for by law." Plaintiff fails to explain why the "catch all" statute should supplant the magistrate judge's reliance of Utah Code Ann. § 78B-2-305(2), which clearly provides an action for property claims within three years.

Plaintiff's Third Cause of Action relates to the taking of property, evidenced by the allegation of "embezzlement." *See* (Am. Compl., 4.) The action is undoubtedly a property claim. Similarly, Plaintiff's Eighth Cause of Action for Willful and Intentional Destruction of Property is also a property claim. And because the harm occurred on August 25, 2006 and filed August 24, 2010 – after the statutory three years had passed – the claims are now barred. The magistrate judge's report and recommendation on the Third and Eighth Causes of Action are therefore adopted, and the claims dismissed.

### B. The Fourth Cause of Action - Conspiracy

Regarding Plaintiff's Fourth Cause of Action, this court adopts the magistrate judge's report and recommendation and dismisses this cause of action for failing to meet the elements set forth in § 42 U.S.C. § 1985(3). In addition to those reasons articulated by the magistrate judge, the court further finds that Plaintiff's cause of action fails because his Amended Complaint does not allege facts sufficient to find that a conspiracy actually occurred. The Tenth Circuit has stated, "[i]n pleading conspiracy, a plaintiff must allege specific facts showing agreement and concerted action among the alleged co-conspirators. Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim. Thus, a plaintiff fails to state a claim for conspiracy absent specific facts showing a 'meeting of the minds' among the alleged co-conspirators." *Marino v. Mayger*, 118 Fed. Appx. 393, 405 (10th Cir. 2004) (internal citations omitted). Indeed, Plaintiff insufficiently states that after Officer Metz instructed Plaintiff to exit the

vehicle, "Officer Metz then placed plaintiff under arrest for an alleged violation of the Utah State Tax Code. Plaintiff's vehicle was seized under the same allegedly bogus authority by officer Metz and his official police agent May Automotive Towing LLC." (Am. Compl., 2.) Plaintiff's allegations say nothing that can be construed to support a meeting of the minds, let alone constitute the required "specific facts." Plaintiff's argument therefore fails.

The court also notes that Plaintiff's objection has confused issues. Plaintiff states that "[t]he Magistrate's conclusion . . . that a class based animus or membership in a particular class is first necessary to pursue an action for invidious taxation is incorrect." (Pl.'s Objection, 8.) This is a misunderstanding of the magistrate judge's report and recommendation. The magistrate judge found that "Plaintiff has not shown that he is a member of a particular class or that he is a member of a particular class or that his membership in that class was the basis of the *alleged conspiracy*." (Rep. Rec., 14)(emphasis added). Because Plaintiff's claim of conspiracy is distinct to any invidious taxation claim, his argument likewise fails. The magistrate judge's report and recommendation Plaintiff's Fourth Cause of Action is adopted, and the cause of action dismissed.

## CONCLUSION

For the reasons stated herein, the State Defendants' and Juab County's motions (Dkt. No. 12, 14) are DENIED. May Automotive Towing, LLC's motion to dismiss (Dkt. No. 10) is GRANTED. May Automotive Towing, LLC is terminated as a party in this case.

DATED this 17th day of October, 2011.

BY THE COURT:

_____

Clark Waddoups

United States District Judge