IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ADAM KARTIGANER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JUAB COUNTY, HOBY METZ, MAY AUTOMOTIVE TOWING, and BARRY C. CONOVER,<br><br>　　　　　Defendants. | **REPORT AND RECOMMENDATION**<br><br><br>Case No. 2:10-cv-842 CW<br><br>Magistrate Judge Samuel Alba |

In accordance with the court's order (Dkt. No. 48), the undersigned United States Magistrate Judge has carefully reviewed Plaintiff's case in light of 28 U.S.C. § 1915(e)(2). For the reasons stated below, it is recommended that the case be partially dismissed pursuant to that statute for failure to state a claim upon which relief may be granted.

**FACTS**

Plaintiff Adam Kartiganer ("Kartiganer") filed suit alleging violations of his civil rights in relation to a traffic stop. Amended Civil Rights Complaint ("Complaint"), Dkt. No. 7 (Jan. 3, 2011). According to the Complaint, Kartiganer was driving on 1-15 on August 25, 2006, in possession of a valid California driver's license and a vehicle licensed and registered in the State of California. *Id.* at 2. He was stopped by Defendant Hoby Metz ("Metz"), a Utah Highway Patrol Officer. Metz allegedly arrested Kartiganer for a tax code violation and seized

1

Kartiganer's vehicle.[1] *Id.*

Kartiganer asserts he was "falsely and maliciously prosecuted" by Juab County for the alleged tax code violation as well as for allegedly driving under a suspended license, but both charges were dismissed. *Id.* at 3. Before being allowed to retrieve his vehicle, however, Kartiganer alleges he was required to pay impound charges, storage fees, and $24.00 for two "tax certificates." *Id.*

Kartiganer, acting pro se and requesting relief *in forma pauperis*, brought suit on August 24, 2010, asserting nine causes of action. Two of those causes of action, embezzlement and willful and intentional destruction of property, have already been dismissed as time barred by the statute of limitations. Memorandum Decision and Order at 3–4, Dkt. No. 34 (Oct. 17, 2011). Kartiganer's claim of conspiracy to violate civil rights was also dismissed because it was inadequately plead. *Id.* at 4–5. Six causes of action remain: false arrest, malicious prosecution, illegal search and seizure, assault and battery, false imprisonment, and intentional infliction of emotional distress. Kartiganer is suing Metz in both his personal and official capacities, Juab County, and Barry C. Conover ("Conover"), the director of the Utah State Tax Commission, in his personal capacity.

## STANDARD OF REVIEW

28 U.S.C. § 1915(e) provides when a suit is filed *in forma pauperis*:

the court shall dismiss the case at any time if the court determines that . . .
(B) the action or appeal—
(i) is frivolous or malicious;

---

[1] Kartiganer also originally sued May Automotive Towing for assisting Metz in the impoundment of the vehicle. All claims against May Automotive Towing, however, have already been dismissed. Memorandum Decision and Order, Dkt. No. 34 (Oct. 17, 2011).

(ii) fails to state a claim upon which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

In the Tenth Circuit, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2011) (internal quotation omitted). The court must "accept all allegations of the complaint as true and" consider the facts "in the light most favorable to the plaintiff." *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). The standard of review is the same as in the Rule 12(b)(6) context. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). This means, in light of recent Supreme Court cases, legal plausibility is required of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## ANALYSIS

### A. Statute of Limitations

In addition to the claims which have already been dismissed by the court, two other claims are barred by the statute of limitations. Kartiganer filed suit in this court on August 24, 2010, almost exactly four years after the alleged arrest occurred on August 25, 2006.

Six causes of action remain: false arrest, malicious prosecution, illegal search and seizure, assault and battery, false imprisonment, and intentional infliction of emotional distress. False imprisonment is subject to a one year statute of limitations. Utah Stat. Ann. § 78B-2-302(4). The Utah Supreme Court has held this same standard also applies to claims of false arrest. *Tolman v. K-Mart Enterprises of Utah, Inc.*, 560 P.2d 1127, 1128 (Utah 1977). There are no facts in Kartiganer's Complaint which would support a tolling of the statute. These claims are

therefore time barred. Plaintiff's remaining causes of action are governed by a four year statute of limitations, and are therefore not time barred. *See* Utah Code Ann. § 78B-2-307(3) (establishing a general four year statute of limitations); *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (general four year statute of limitations applies to § 1983 actions arising in the state of Utah).

**B.     Assault and Battery**

Kartiganer's Complaint includes a section titled "Facts of Case," which details his stop, arrest, and prosecution. Nowhere in that section does Kartiganer mention being improperly threatened or touched, and it simply states "Officer Metz then placed plaintiff under arrest." Complaint at 2. Later in the Complaint, under the heading "Sixth Cause of Action," Plaintiff states:

> Adam Kartiganer, the plaintiff in the within action hereby names <u>Assault and Battery</u> as the sixth count in the matter of Kartiganer v. Juab County, Utah, *et al.* Plaintiff alleges that he was assaulted and battered during and after the false arrest for alleged violation of the Utah state tax code.

Complaint at 6 (emphasis in original). This is the only mention of assault or battery within the complaint.

As the Supreme Court explained in *Ashcroft v. Iqbal*, Rule 8(a) of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. 662 (U.S. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (U.S. 2007)). In this case, Kartiganer has alleged that he was "assaulted and battered" but has not provided any facts to inform the court or put Defendants on notice of any specific harmful conduct. The statement that

plaintiff was assaulted and battered is a legal conclusion, and as such is "not entitled to the assumption of truth."[2] *Id.* This cause of action should therefore be dismissed.

### C.    Claims Against Defendant Barry C. Conover

Kartiganer has sued Barry C. Conover ("Conover"), "acting commissioner of the Utah State Tax Commission, in his personal capacity." Complaint at 1. Throughout the Complaint, Plaintiff broadly alleges unlawful behavior on the part of "defendants," so it is unclear what role Kartiganer believes Conover played in the alleged events. Kartiganer does allege that he was arrested "for an alleged violation of the Utah State Tax Code" and was "charged unconstitutional fees in the respective amounts of $21.50 and $2.50 by the Utah State Tax Commission for two respective tax certificates."[3] Complaint at 2, 3.

At this point, however, only three of Kartiganer's causes of action remain: malicious prosecution, illegal search and seizure, and intentional infliction of emotional distress. The

---

[2] Other courts agree such a pleading is insufficient under *Twombly*. *See Adams v. Silar Advisors, LP*, No. 3:11-cv-00210-RCJ-VPC, 2012 WL 505860 at *8 (D. Nev. Feb. 15, 2012) (noting before *Twombly*, "a plaintiff whom a defendant had verbally insulted could force discovery by simply alleging 'defendant assaulted plaintiff,' but under the new rule such a plaintiff cannot proceed to discovery. Rather, he must allege 'defendant intentionally shook his fist in plaintiff's fact, causing plaintiff to flinch,' or something similar, to survive a motion to dismiss his assault claim."); *Araunno v. Allen*, Civil No. 09-1250 (SRC), 2011 WL 2161351 at *8 (D.N.J. May 31, 2011) (explaining under the new pleading standards, "vague and general language, such as 'assault,' 'beat,' and 'abuse'" should be avoided by plaintiffs); *R.C. v. Fayette Cnty Bd. of Educ.*, Civ. No. 5:09-102-JMH, 2009 WL 3415350 at *3 (E.D. Ky. Oct. 15, 2009) (unpublished) ("Averring in a complaint that an 'assault' or 'battery' occurred, without more, is a legal conclusion stating that the specific elements of each of these torts is met, without providing any facts at all to support that legal conclusion.").

[3] Kartiganer also offers the legal conclusion that "the state of Utah has no local statutory authority or any authority what so ever to tax, harass, molest, or seize property from persons who ware just passing through the state of Utah, or prosecute persons for doing so (passing through the state)." As this is legal argument, not a factual allegation, it is not relevant to the court's analysis at this stage.

complaint indicates that both the malicious prosecution and intentional infliction of emotional distress claims are specifically against Juab County. Complaint at 3 ("Plaintiff was then falsely and maliciously prosecuted by Juab County, Utah.") and 7 (stating the intentional infliction of emotional distress claim is based upon "defendant Juab County, Utah prosecut[ing] plaintiff for a period of eighteen (18) months for two alleged violations of the Utah State Code, which could have resulted in jail sentences or large fines, that were wholly inapplicable on the face of the respective statutes."). The fifth cause of action, illegal search and seizure, states Kartiganer "was the subject of a search and seizure that was unlawful and that said search and seizure was knowingly pretexted on specious reasoning by a state law enforcement officer." Therefore, this claim appears to be brought specifically against Metz.[4] Because Kartiganer has not plead facts explaining the connection between the Utah State Tax Commission and his three remaining causes of action, Conover should be dismissed as a defendant.

### D.  Utah Governmental Immunity Act

To the extent that a plaintiff raises claims of "assault, battery, false imprisonment, false arrest, malicious prosecution, [or] infliction of mental anguish" under state law, such claims against Juab County and Metz acting in his official capacity are barred by the Utah Governmental Immunity Act. Therefore, Kartiganer's malicious prosecution and intentional infliction of emotional distress claims, which, as discussed above, both appear to have been brought against Juab County alone, should be dismissed.

---

[4] This case is factually distinct from *Dunn v. Marrelli*, where the Tenth Circuit found the pro se plaintiff's pleading that defendants "authorized" an illegal search and seizure sufficient to support a claim against the Utah State Tax Commissioner under § 1983. 3 Fed. App'x 710, 715 (10th Cir. 2001).

## RECOMMENDATION

Therefore, it is recommended that pursuant to 28 U.S.C. § 1915(e)(2)(ii), the court dismiss Plaintiff's first cause of action, false arrest, and seventh cause of action, false imprisonment, with prejudice as they are time barred by the statute of limitations. Similarly, Plaintiff's second cause of action, malicious prosecution, and ninth cause of action, intentional infliction of emotional distress, should be dismissed with prejudice because Juab County is immune to these claims under Utah Stat. § 63G-7-301(5)(b).

It is also recommended that the court dismiss without prejudice Kartiganer's sixth cause of action, assault and battery, for failure to meet the pleading standard of Rule 8(a). Furthermore, Kartiganer has not sufficiently explained a basis for relief against Defendant Conover based upon the remaining causes of action. Because he is proceeding *pro se*, however, it is recommended that Kartiganer be given leave to amend his complaint to satisfy these pleading deficiencies.

DATED this 6th day of April, 2012.

BY THE COURT:

_____
Samuel Alba
United States Magistrate Judge