IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Adam Kartiganer,<br>          Plaintiff,<br>v.<br>Juab County, et al.,<br>          Defendants. | **MEMORANDUM DECISION AND ORDER**<br>Case No. 2:10-CV-00842<br>Judge Clark Waddoups |

Before the court is Magistrate Judge Samuel Alba's Report and Recommendation (Dkt. No. 49) recommending partial dismissal of Adam Kartiganer's case pursuant to 28 U.S.C. § 1915(e)(2). In reviewing the Report and Recommendation under 28 U.S.C. § 636(b)(1)(B), the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1). The court adopts Judge Alba's statement of facts and articulation of the standards of review. Mr. Kartiganer objects to the recommendation that the causes of action be dismissed, arguing (1) that as a *pro se* litigant he should be held to a less stringent pleading standard, (2) that federal law governs the statute of limitations for § 1983 claims, (3) that the magistrate judge failed to explain how the immunity act bars his claims, and (4) that he has brought forth claims that are plausible. (Dkt. No. 51, at 3-6). The court will consider each objection in turn.

**1. Pleading standard for *pro se* litigants**

To successfully state a claim, a plaintiff must provide more than labels and conclusions to provide the grounds of his entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007). The court is not required to accept as true legal conclusions couched as factual

allegations. *Id.* at 555. (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Because Plaintiff is proceeding *pro se*, the court will liberally construe his pleadings and hold them to a "less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citation omitted). Nevertheless, Plaintiff's *pro se* status does not discharge him from having to comply with the Federal Rules of Civil Procedure, nor will the court assume an advocacy role on Plaintiff's behalf. *See Pedersen v. Mountain View Hosp.*, No. 1:11-CV-16-CW, 2011 WL 7277319, at *1 (D. Utah Aug. 31, 2011). A *pro se* plaintiff must at a minimum set out facts sufficient to support a claim for relief.

Mr. Kartiganer asserts that the court must accept all factual allegations in the light most favorable to him as a *pro se* litigant. While this statement of law is correct, he has provided almost exclusively legal conclusions in his Complaint. The court is not required to accept such legal conclusions as true nor to view them in a light most favorable to plaintiff. For example, Mr. Kartiganer alleges an assault and battery, but gives no specific account of what happened. As noted by Judge Alba, there are no factual allegations in the Complaint that put the Defendants on notice of what the harmful conduct was. (Dkt. No. 49, at 4).

**2. Statute of limitations for § 1983 claims**

Mr. Kartiganer is correct that a longer statute of limitations is provided for claims brought under 42 U.S.C. § 1983 than for some claims brought under Utah law, but the claim being challenged must actually be governed by § 1983 for the longer statute of limitations to apply. For § 1983 to apply the Plaintiff must show that he has suffered deprivation of a right "secured by the Constitution. . . ." 42 U.S.C. § 1983.

Mr. Kartiganer objects to dismissal of the first and seventh claims as being time barred under the Utah statute of limitations, arguing that they are § 1983 claims. Mr. Kartiganer asserts

in his first and seventh claims that he was arrested and held in jail for an alleged violation of the Utah tax code.  Mr. Kartiganer provides no facts that would suggest that his arrest violated constitutional rights, only that he was arrested for an alleged violation of the law.  Mr. Kartiganer's allegations provide no basis for the court to find that Mr. Kartiganer was deprived of a right secured by the Constitution.  Even when viewing the facts in the light most favorable to Mr. Kartiganer, the court finds that these claims do not arise under 42 U.S.C. § 1983.

3. **The Utah Governmental Immunity Act**

Government entities do not waive immunity under the Utah Governmental Immunity Act for claims of malicious prosecution and intentional infliction of emotional distress.  Utah Code Ann. § 63G-7-301(5)(b).  Therefore, claims of malicious prosecution and intentional infliction of emotional distress are barred against government entities.

Mr. Kartiganer objects to Judge Alba's explanation of the Utah Governmental Immunity Act, asserting that Judge Alba fails to explain how it applies. Mr. Kartiganer alleges that he was prosecuted maliciously and suffered emotional distress because of the threat of serving prison time.  Mr. Kartiganer asserts that the emotional distress was a result of Juab County's prosecution against him. As Judge Alba recommended, these claims fall squarely within the language of the Act and are expressly barred.

4. **Plausibility of Plaintiff's Claims**

Mr. Kartiganer also objects that his claims are plausible and should not be dismissed *sua sponte*.  As addressed above, however, there are almost no factual allegations contained in Mr. Kartiganer's Complaint. Under *Twombly*, mere conclusory allegations cannot provide a basis for "plausible" claims to survive a motion to dismiss for failure to state a claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plausibility requires "more than a sheer possibility that a

defendant has acted unlawfully" but is not "akin to a probability requirement"). Therefore the court finds that Mr. Kartiganer has failed to assert any plausible claims.

5. **Dismissal of Fifth Claim**

In addition to adopting Judge Alba's Report and Recommendation, the court also considers the fifth claim alleged in the Complaint.

In the fifth claim, Mr. Kartiganer alleges that he was subjected to an illegal search and seizure by a *state* law enforcement officer. He fails again, however, to allege that Juab County was involved in the search and seizure. Additionally, Mr. Kartiganer does not allege that the State Patrol Officer was employed by Juab County. Even if he were to suggest that Officer Metz was employed by Juab County, a § 1983 claim cannot be brought against a local government under a *respondeat superior* theory. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978). Finally, Mr. Kartiganer provides no factual allegations to support a claim that Officer Metz subjected him to an illegal search and seizure. Once again, mere conclusory allegations cannot satisfy the plausibility standard set forth in *Twombly* and *Iqbal*. Therefore, the fifth claim is dismissed with prejudice.

## **ORDER**

For the reasons set forth above, the court hereby,

1. Approves and Adopts the Report and Recommendation of Magistrate Judge Alba; and

2. Dismisses all other claims in the complaint with prejudice.

DATED this 21st day of April, 2014

                BY THE COURT:

                _____
                Clark Waddoups
                United States District Judge